IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEROY BROOKS,
      Petitioner,

vs.                          Case No.:  3:06cv486/MCR/EMT

STATE OF FLORIDA,
      Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court upon Petitioner's Motion for Issuance of Certificate of Appealability (Doc. 2), Motion for Leave of Court to File Attached Notice of Appeal Upon Issuance of Certificate of Appealability (Doc. 1) and Memorandrum [sic] of Law in Support of Motion for Issuance of Appealability (Doc. 3).  Petitioner has also filed a Motion to Proceed in Forma Pauperis (Doc. 5), which shall be granted for the limited purpose of dismissal of this action.

Petitioner is a state prisoner incarcerated at Gulf Correctional Institution (Doc. 1 at 2). Petitioner states that on November 8, 2005, he filed a motion for newly discovered evidence in the state trial court (Doc. 3 at 2).  The trial court denied his motion (*id.*).  Petitioner appealed the denial to the Florida First District Court of Appeal ("First DCA"), which affirmed the denial per curiam without written opinion on July 12, 2006 (*id.*).  Brooks v. State, 935 So. 2d 501 (Fla. 1st DCA July 12, 2006).  The mandate issued on September 1, 2006.  Brooks  v. State, Case No. 1D06-1486, Florida First District Court of Appeal Docket, Docket Entry dated Sept. 1, 2006.  Petitioner's motion for rehearing was denied (Doc. 3 at 2).  Next, on July 27, 2006, Petitioner filed a motion for writ of habeas corpus in the state court (*id.*).  The motion was denied on August 23, 2006 (*id.* at 2–3). Brooks v. State, 937 So. 2d 124 (Fla. 1st DCA Aug. 23, 2006).  Petitioner now seeks to appeal the First DCA's August 23, 2006 denial of his state petition for writ of habeas corpus, because he alleges that he was denied a fair trial (Doc. 2 at 3; Doc. 3 at 6).

This court notes that Petitioner has previously filed in this court a petition for writ of habeas corpus challenging his conviction. *See* Brooks v. Moore, Case No. 3:99cv223/RH/SMN (N.D. Fla.) (Doc. 1). Following a report and recommendation, the petition was denied as untimely (*see id.*, Docs. 16, 25, 26). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, and the appellate court affirmed the denial of the petition (*id.*, Doc. 41).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). Some types of collateral challenge do not render subsequent habeas petitions "second or successive." *See* McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998) (habeas petition filed after previous petition has been dismissed without prejudice to allow petitioner to pursue state remedies is not "second or successive"); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (same); Camarano v. Irvin, 98 F.3d 44, 46–47 (2d Cir. 1996) (same); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

In the instant case, Petitioner's prior federal habeas petition was dismissed as untimely. Because Petitioner filed the instant petition challenging the same conviction, and his prior federal habeas petition was deemed untimely, the instant petition is "second or successive." Additionally,

Petitioner has failed to show that he has obtained the requisite permission from the Eleventh Circuit to file a successive petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit.

In the alternative, to the extent Petitioner is attempting to appeal the First DCA's decision denying his motion for writ of habeas corpus (*see* Doc. 2 at 3), Petitioner is advised that this court lacks jurisdiction. It is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486). Furthermore, under the Rooker-Feldman doctrine, a federal court "may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment.'" Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (citing Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988) (quoting Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983)). Therefore, Petitioner cannot appeal in this court the First DCA's denial of his motion.

Accordingly, it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis (Doc. 5) is **GRANTED** for the limited purpose of dismissal of this action.

And it is respectfully **RECOMMENDED**:

That Petitioner's Motion for Issuance of Certificate of Appealability (Doc. 2) and Motion for Leave of Court to File Attached Notice of Appeal Upon Issuance of Certificate of Appealability (Doc. 1) be **DENIED** and this action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

At Pensacola, Florida this 17th day of November 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**